# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rita M. Russella, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1885 C.D. 2014 |
| | : | Submitted: June 26, 2015 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing | : | |

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
                    HONORABLE P. KEVIN BROBSON, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                        **FILED:  July 31, 2015**

This matter is an appeal from an order of the Court of Common Pleas of Delaware County (the trial court) denying the appeal of Rita M. Russella (Licensee) from the 18-month suspension of her driver's license imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department) for refusal to submit to a blood test for alcohol.  We affirm.

By letter dated April 30, 2013, the Department notified Licensee that her driver's license was being suspended for a period of 18 months pursuant to the

Implied Consent Law, Section 1547(b)(1)(ii) of the Vehicle Code[1] for refusal to submit to chemical testing on April 7, 2013. (Exhibit C-1.) Licensee filed a timely appeal to the trial court, and the trial court held a *de novo* hearing on the license suspension on March 18, 2014 and April 24, 2014.

At the first day of the *de novo* hearing, the Department offered the testimony of Officer Lappin, the arresting officer, and introduced in evidence the suspension letter sent to Licensee, the DL-26 implied consent warnings form that Officer Lappin read to her, and a record of Licensee's prior conviction for driving under the influence of alcohol or a controlled substance (DUI). Officer Lappin testified that he stopped Licensee's car at approximately 4:00 a.m. on April 7, 2013, because it was being driven erratically and the center brake light was out, and that when he spoke to Licensee, he smelled alcohol and noticed that Licensee's eyes were bloodshot and glassy and that she was slurring her speech. (3/18/14 Hearing Transcript (H.T.) at 6-8.) Officer Lappin testified that Licensee denied consuming alcohol, but refused to submit to a preliminary breath test. (*Id.* at 8-9, 14, 27-28.) Following field sobriety tests that indicated intoxication, Officer Lappin placed Licensee under arrest for DUI and asked Licensee to submit to a blood test. (*Id.* at 9, 12-15.) Officer Lappin testified that he read the implied consent warnings to Licensee from Form DL-26, which included the warning that her license would be suspended if she refused the test, and that Licensee, following these warnings, stated that she refused to submit to the blood test. (*Id.* at 15-17, 35-36; Exhibit C-2.) Officer Lappin testified that Licensee did not tell him that she was diabetic or that she had any medical condition that would affect her ability

---

[1] 75 Pa. C.S. § 1547(b)(1)(ii).

2

to understand the implied consent warnings or her performance in the field sobriety tests. (3/18/14 H.T. at 17-18, 27, 35.)

Licensee and her medical expert witness, Dr. Guzzardi, testified at the second day of the *de novo* hearing. Licensee testified that she is an insulin-dependent diabetic and that the insulin pump that she was using on the morning of April 7, 2013 was not controlling her blood sugar properly. (4/24/14 H.T. at 12-18, 34-35.) Licensee testified that low blood sugar makes her dizzy, slurs her speech, and can affect her ability to understand and make decisions, and that when her blood sugar is high, she gets dizzy and has to urinate, and her breath has a fruity smell that some people think smells like alcohol. (*Id.* at 19-21, 50.) Licensee testified that she believes that she was having a high blood sugar episode when she was stopped on April 7, 2013 and that she told Officer Lappin that she was diabetic. (*Id.* at 20-21.) Licensee admitted that she was asked to submit to a blood or breath test after she was arrested for DUI and that she refused, but contended that Officer Lappin did not read her warnings or tell her that her driver's license would be suspended if she refused. (*Id.* at 25-29.) Licensee admitted that she thought that she understood Officer Lappin's field sobriety test instructions and that she did not think that she was having cognitive difficulties on April 7, 2013. (*Id.* at 40-41, 48.)

Dr. Guzzardi, an emergency medicine and family practice physician and medical toxicologist who is not Licensee's treating physician, opined that Licensee's refusal to submit to a blood test was "quite possibly" due to diabetes rather than alcohol impairment. (4/24/14 H.T. at 72.) Dr. Guzzardi testified: "[It]'s quite possible [Licensee] had elevated blood sugars at that time; that her confusion and that her inability to think properly could certainly be related to

3

hyperglycemia." (*Id.* at 74.) Dr. Guzzardi admitted, however, that he did not have knowledge that Licensee was confused at the time that she refused the blood test. (*Id.* at 77-82.) Dr. Guzzardi also conceded that he did not know what Licensee's blood sugar level was on April 7, 2013, that his opinions were based on the assumption that she had not consumed alcohol, and that he did not know whether Licensee had consumed alcohol that night. (*Id.* at 72, 74-76, 85-86.)

The trial court found Officer Lappin's testimony credible and rejected as not credible Licensee's testimony that she was not warned of the consequence of refusing the blood test. (9/4/14 Trial Court Opinion at 3-4.) The trial court therefore concluded that the Department had met its burden of proof under the Implied Consent Law. (6/30/14 Trial Court Findings of Fact and Conclusions of Law ¶¶46, 53-57; 9/4/14 Trial Court Opinion at 4.) The trial court rejected Licensee's argument that she was incapable of making a knowing and conscious refusal of chemical testing on the ground that Dr. Guzzardi's testimony was equivocal and that Licensee's own testimony did not show that she was suffering from any confusion or cognitive impairment at the time of her arrest and refusal. (9/4/14 Trial Court Opinion at 5.) The trial court, accordingly, denied Licensee's appeal and ordered that the suspension of her driver's license be reinstated. This appeal followed.[2]

To sustain a driver's license suspension under Section 1547(b)(1) of the Vehicle Code, 75 Pa. C.S. § 1547(b)(1), the Department must prove that the

---

[2] This Court's standard of review of a trial court order sustaining a license suspension based upon a refusal to submit to chemical testing is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Kollar v. Department of Transportation, Bureau of Driver Licensing*, 7 A.3d 336, 339 n.1 (Pa. Cmwlth. 2010).

4

licensee (1) was placed under arrest for DUI by a police officer who had reasonable grounds to believe that the licensee was operating a vehicle under the influence; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was warned that a refusal would result in the suspension of her driver's license. *Banner v. Department of Transportation, Bureau of Driver Licensing*, 737 A.2d 1203, 1206 (Pa. 1999); *McKenna v. Department of Transportation, Bureau of Driver Licensing*, 72 A.3d 294, 298 (Pa. Cmwlth. 2013); *Kollar v. Department of Transportation, Bureau of Driver Licensing*, 7 A.3d 336, 339 (Pa. Cmwlth. 2010); *Martinovic v. Department of Transportation, Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005). Where an 18-month suspension has been imposed, the Department must also show one of the enhancing provisions of Section 1547(b)(1)(ii) of the Vehicle Code, such as a prior DUI conviction. 75 Pa. C.S. § 1547(b)(1)(ii); *McKenna*, 72 A.3d at 298; *Sitoski v. Department of Transportation, Bureau of Driver Licensing*, 11 A.3d 12, 22 (Pa. Cmwlth. 2010).

If the Department satisfies its burden of proving these elements, the driver's license suspension must be affirmed unless the licensee shows that she was physically unable to take the test or that her refusal to submit to chemical testing was not knowing and conscious. *Lanthier v. Department of Transportation, Bureau of Driver Licensing*, 22 A.3d 346, 348-49 (Pa. Cmwlth. 2011); *Sitoski*, 11 A.3d at 18; *Kollar*, 7 A.3d at 339; *Martinovic*, 881 A.2d at 34; *Zwibel v. Department of Transportation, Bureau of Driver Licensing*, 832 A.2d 599, 606 (Pa. Cmwlth. 2003). Unless the licensee was suffering from an obvious, incapacitating physical trauma, unequivocal medical testimony is required to show that the refusal was not knowing and conscious. *Lanthier*, 22 A.3d at 349; *Kollar*, 7 A.3d at 340 & n.2. Medical testimony that is based on possibilities is equivocal

and does not constitute competent evidence. *Kollar*, 7 A.3d at 340; *Scott v. Department of Transportation, Bureau of Driver Licensing*, 6 A.3d 1047, 1050-52 (Pa. Cmwlth. 2010); *Whistler v. Department of Transportation, Bureau of Driver Licensing*, 882 A.2d 537, 541 (Pa. Cmwlth. 2005). Moreover, medical testimony cannot satisfy the licensee's burden of proof unless the expert rules out alcohol as a contributing factor to the licensee's inability to make a knowing and conscious refusal. *Kollar*, 7 A.3d at 340; *Zwibel*, 832 A.2d at 606. The determination of whether a licensee was able to make a knowing and conscious refusal is a factual one that is to be made by the trial court. *Lanthier*, 22 A.3d at 349; *Kollar*, 7 A.3d at 340.

The trial court properly concluded that the Department satisfied its burden of proof. Officer Lappin's testimony, which the trial court found credible, established that he had reasonable grounds to believe that Licensee was operating her car under the influence of alcohol, that he placed her under arrest for DUI, that he asked Licensee to submit to a blood test and specifically warned that a refusal would result in the suspension of her driver's license, and that Licensee stated that she refused to submit to the test. (3/18/14 H.T. at 6-9, 12-17, 35-36; Exhibit C-2.) There was no dispute that Licensee had a prior DUI conviction, which increased the suspension to 18 months under Section 1547(b)(1)(ii) of the Vehicle Code. (3/18/14 H.T. at 42-45, 47-51; Exhibits C-16, C-17.)

Licensee argues that the trial court erred in upholding the license suspension because Dr. Guzzardi's expert testimony was unrebutted and allegedly established that her chemical test refusal was not knowing and conscious. That contention is without merit for several reasons.

6

First, contrary to Licensee's assertions, it was not the Department's burden to prove her mental state and abilities; it was Licensee's burden to show that she was unable to make a knowing and conscious refusal. *Lanthier*, 22 A.3d at 352; *Sitoski*, 11 A.3d at 18 & n.7; *Kollar*, 7 A.3d at 339-40, 342; *Zwibel*, 832 A.2d at 606. The fact that the Department did not present opposing expert testimony did not require the trial court to find Dr. Guzzardi's testimony credible or sufficient to convince it that Licensee was incapable of making a knowing and conscious refusal of chemical testing on April 7, 2013. *Zwibel*, 832 A.2d at 602-03, 606 (affirming trial court's upholding of license suspension despite medical evidence of past brain surgery and prescription medications where trial court concluded that medical evidence was not persuasive as to whether licensee had difficulty understanding at the time of his arrest).

Second, there was no evidence that Licensee was confused or incapable of comprehending warnings of the consequences at the time of her refusal. Licensee did not testify that she had difficulty understanding what Officer Lappin was saying to her when he arrested her and asked her to submit to chemical testing; rather, she testified in detail as to what happened and contended that he did not read her the warnings. (4/24/14 H.T. at 10-12, 20-33, 37-43, 48.) Indeed, Licensee testified that she did not think that her comprehension or cognitive abilities were impaired at the time. (*Id.* at 40-41, 48.) Nothing in Dr. Guzzardi's testimony cured this lack of evidence. To the contrary, Dr. Guzzardi admitted that he had no knowledge of whether Licensee was cognitively impaired on April 7, 2013 and could not say what her medical condition was at that time. (*Id.* at 73-74, 77-82, 85.)

7

Finally, Dr. Guzzardi's testimony was equivocal. Dr. Guzzardi repeatedly testified on direct examination that his opinions were that Licensee's symptoms on April 7, 2013 "<u>are consistent with</u> … highly elevated blood sugar," that "<u>quite possibly</u> … her refusal is due not to alcohol impairment but is due to diabetes," that "it is <u>quite possible</u> that … her refusal was due solely to diabetes and not to alcohol," that "it's <u>quite possible</u> that she had elevated blood sugars," "that her confusion and that her inability to think properly <u>could certainly be</u> related to hyperglycemia," and that "her state <u>very well could have been</u> from diabetes." (4/24/14 H.T. at 72, 74) (emphasis added). Such testimony, plainly based on mere possibilities, is not competent to prove that a chemical test refusal was not knowing and conscious. *Kollar*, 7 A.3d at 340; *Scott*, 6 A.3d at 1051-52. Moreover, Dr. Guzzardi's opinions did not exclude alcohol as a cause of any lack of comprehension that Licensee may have experienced. (4/24/14 H.T. at 72, 75-76, 85-86.) His testimony therefore could not satisfy the Licensee's burden of proof, in any event, because it failed to rule out alcohol as a contributing factor. *Kollar*, 7 A.3d at 340; *Zwibel*, 832 A.2d at 606.

For the foregoing reasons, we affirm.

_____
JAMES GARDNER COLINS, Senior Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Rita M. Russella,                                :
                                                 :
                    Appellant                    :
                                                 :
          v.                                     :     No. 1885 C.D. 2014
                                                 :
Commonwealth of Pennsylvania,                    :
Department of Transportation,                    :
Bureau of Driver Licensing                       :
                                                 :


# **O R D E R**


AND NOW, this 31st day of July, 2015, the order of June 30, 2014 of the Delaware County Court of Common Pleas in the above-captioned case is AFFIRMED.


_____
JAMES GARDNER COLINS, Senior Judge