# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Taylor,                                     :
                Appellant             :
                                                 :
            v.                                  :   No. 88 C.D. 2017
                                                 :   SUBMITTED:  June 23, 2017
Commonwealth of Pennsylvania,           :
Department of Transportation,                :
Bureau of Driver Licensing                    :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE JULIA K. HEARTHWAY, Judge[1]
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED:  September 12, 2017**

Licensee, Robert Taylor, appeals from an order of the Court of Common Pleas of York County (trial court) denying his statutory appeal and reinstating the one-year suspension of his operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Department) for refusing to submit to chemical testing pursuant to Section 1547(b)(1)(i) of the Vehicle Code, *as amended*, 75 Pa. C.S. § 1547(b)(1)(i).  The sole issue on appeal is the applicability of the United States Supreme Court's decision in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160 (2016), holding that an individual's Fourth Amendment right to be free from unreasonable searches and seizures is

---

[1] This decision was reached before Judge Hearthway's service with the Court ended on September 1, 2017.

implicated when he is subject to criminal penalties for refusing to submit to a warrantless request for a blood test following a DUI arrest. We agree with the trial court that *Birchfield* has no impact on Licensee's statutory appeal and that his refusal to submit to chemical testing can be used to support the civil consequences of his refusal. Accordingly, we affirm.

In May 2016, Pennsylvania State Police Trooper Koach initiated a traffic stop of Licensee's vehicle on I-83 southbound at approximately 1:28 a.m. after observing it swerving within its lane and crossing the fog line several times. Upon perceiving indicia of alcohol consumption on Licensee's person and his admission to consuming at least two alcoholic beverages at a bar in Harrisburg, Trooper Koach administered three field sobriety tests during which Licensee exhibited signs of impairment. After Licensee refused Trooper Koach's request to take a preliminary breath test for alcohol, the trooper arrested Licensee and placed him into the back of the police vehicle. Thereafter, Trooper Koach thrice read Licensee the Implied Consent form (DL-26 form). The language, *inter alia*, included a warning that Licensee's driver's license would be administratively suspended for refusing to submit to a blood test. Following Licensee's refusal, Trooper Koach transported him to York Central Booking for processing.

As a consequence of Licensee's refusal to submit to chemical testing, the Department in June 2016 issued the notice of suspension at issue and Licensee appealed to the trial court. After conducting a *de novo* hearing where the Department presented the testimony of Trooper Koach and its Exhibit C-1, the trial court denied the statutory appeal. Licensee's appeal to this Court followed.[2]

---

[2] In order to sustain a suspension of a licensee's operating privilege under Section 1547 of the Vehicle Code, the Department must establish four criteria:

**(Footnote continued on next page…)**

2

On appeal, Licensee argues that, in the absence of exigent circumstances, the implied-consent warnings that the trooper read to him unconstitutionally threatened to penalize him for exercising his constitutional right against submitting to a warrantless blood test and, therefore, his refusal to submit to chemical testing cannot be used to penalize him for exercising that right. Licensee's position is without merit.

Unlike criminal DUI proceedings, license suspension proceedings are civil in nature. *Dep't of Transp., Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873, 877 (Pa. 1989); *Bashore v. Dep't of Transp., Bureau of Driver Licensing*, 27 A.3d 272, 275 (Pa. Cmwlth. 2011). In that regard, the Supreme Court in *Birchfield* specifically observed that its ruling did not extend to implied-consent laws imposing civil penalties. Specifically, it held: "Our prior opinions have referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply. . . .

---

**(continued…)**

> 1) licensee was arrested for driving while under the influence of alcohol or a controlled substance by a police officer who had reasonable grounds to believe that he was operating or in actual physical control of the movement of the vehicle while under the influence;
>
> 2) licensee was requested to submit to chemical testing;
>
> 3) licensee refused to submit to chemical testing; and
>
> 4) licensee was specifically warned that refusal would result in the suspension of his operating privilege.

*Kollar v. Dep't of Transp., Bureau of Driver Licensing*, 7 A.3d 336, 339 (Pa. Cmwlth. 2010). Once the Department meets its burden, the burden shifts to licensee to prove that his refusal was not knowing or conscious or that he was physically unable to take the test. *Id*. Here, without presenting any evidence, counsel for Licensee at the conclusion of the Department's case presented legal arguments.

[N]othing we say here should be read to cast doubt on them." *Birchfield*, 579 U.S. at ___, 136 S. Ct. at 2185.

Accordingly, consistent with this Court's holding in *Boseman v. Department of Transportation, Bureau of Driver Licensing*, 157 A.3d 10, 21 (Pa. Cmwlth.), *appeal denied*, ___ A.3d ___ (Pa., No. 210 MAL 2017, filed August 22, 2017), rejecting the licensee's argument that *Birchfield* barred her license suspension in the absence of a warrant for the requested blood test, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Taylor,                                 :
                    Appellant                  :
                                               :
        v.                                     :    No. 88 C.D. 2017
                                               :
Commonwealth of Pennsylvania,                  :
Department of Transportation,                  :
Bureau of Driver Licensing                     :

# **O R D E R**

AND NOW, this 12th day of September, 2017, the order of the Court of Common Pleas of York County is hereby AFFIRMED.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge