IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel E. Johnson            :
                             :   No. 79 C.D. 2019
        v.                   :
                             :   Submitted:  August 9, 2019
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing,  :
                Appellant    :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                         FILED:  November 20, 2019


The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the December 21, 2018 order of the Court of Common Pleas of Venango County (trial court) that  sustained the statutory appeal of Daniel E. Johnson (Licensee) from the one-year suspension of his operating privilege imposed by DOT under section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. §1547(b)(1)(i), commonly referred to as the Implied Consent Law.[1]

---

[1] Section 1547(b)(1)(i) reads, in pertinent part, as follows:

(1) If any person placed under arrest for a violation of section 3802 [relating to driving under the influence of alcohol or a controlled substance] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police

## Facts and Procedural History

The underlying facts are not in dispute and were stipulated to by the parties. Specifically, the parties stipulated as follows:

> Officer Young[2] would have testified to responding to an accident on a private road where he came in contact with [Licensee]. The road was marked "Private," and there is no borough maintenance on the road. Officer Young would have also testified that [Licensee] told him he was at the Sandy Creek Fire Department prior to getting into an accident. It is impossible to get from the Sandy Creek Fire Department to the location of the accident without traveling on a public road. [Licensee] emphasized he does not stipulate that he drove on those public roads. The parties have stipulated that Officer Young had reasonable grounds to believe [Licensee] was driving under the influence, [Licensee] was offered a chemical test, [Licensee] was given the appropriate warnings, and [Licensee] refused to submit to a chemical test. The parties also referenced that [Licensee] was charged criminally at CR 108-2018 from the incident.

(Trial court op., 12/21/18, at 1-2; Reproduced Record (R.R.) at 42a-43a.)

By letter dated February 5, 2018, DOT notified Licensee that his operating privilege was being suspended for one year as a result of his refusal to submit to chemical testing. Licensee filed a statutory appeal with the trial court, alleging that Officer Young did not adequately explain to Licensee the ramifications for refusing to

---

officer, the department shall suspend the operating privilege of the person as follows:

> (i) Except as set forth in subparagraph (ii), for a period of 12 months.

75 Pa.C.S. §1547(b)(1)(i).

[2] Officer Young refers to City of Franklin Police Officer Jacob Young.

2

submit to chemical testing, *i.e.*, that he could lose his driving privileges, and that suspension was not appropriate because Licensee was on a private road.[3] (R.R. at 5a-6a.)  The trial court conducted a *de novo* hearing on October 17, 2018.  (R.R. at 29a-40a.)

At this hearing, the parties entered the stipulations noted above into the record.  Following entry of these stipulations, the parties addressed the private road issue.  In that regard, the parties further stipulated that there was no obstruction to the public from entering this private road other than a sign stating that it is a private drive and that it would not have been possible for Licensee to have reached the location of the accident on the private road from the Sandy Creek Fire Department without having traveled on a public road.  The parties further agreed that Licensee informed Officer Young at the accident scene that he was at the Sandy Creek Fire Department earlier in the evening, around 10:00 p.m. or 11:00 p.m., that the accident occurred around 2:00 a.m. to 3:00 a.m., and that Officer Young responded within a few moments of receiving the call regarding the accident.  (R.R. at 31a-33a.)

By opinion dated December 21, 2018, the trial court sustained Licensee's appeal.  The trial court concluded that DOT failed to establish that Licensee operated his vehicle under the influence on a public highway or trafficway, which the trial court stated was necessary for an officer to have reasonable grounds to believe that an individual was in violation of driving under the influence.  The trial court noted that the Implied Consent Law requires an officer to have reasonable grounds to believe that

---

[3] Licensee also raised an additional issue that the DL-26 form that Officer Young used was improper because it threatened punishment if Licensee refused an intrusive blood draw instead of a less intrusive breath test.  (R.R. at 5a.)  However, at the *de novo* hearing, counsel for Licensee conceded that legal precedent from this Court, namely *Garlick v. Department of Transportation, Bureau of Driver Licensing*, 176 A.3d 1030 (Pa. Cmwlth. 2018), did not support this claim, and that he just wished to preserve the issue should such precedent be overturned.  (R.R. at 34a.)

3

an individual was driving, operating, or in actual physical control of a vehicle in violation of section 3802 of the Vehicle Code, 75 Pa.C.S. §3802, which in turn requires a finding that the offense occurred on a highway or trafficway. *See* Section 3101(b) of the Vehicle Code, 75 Pa.C.S. §3101(b) ("The provisions of . . . Chapter 38 . . . shall apply upon highways and trafficways throughout this Commonwealth."). The trial court also concluded that our United States Supreme Court's decision in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016), supports this conclusion. More specifically, the trial court stated that the following language from *Birchfield*, that "[t]here must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads," *id.* at 2185, represents the clear intention of our Supreme Court that "implied consent statutes apply only to public roads." (Trial court op., 12/21/18, at 4; R.R. at 45a.)

DOT thereafter filed a notice of appeal with the trial court. In accordance with an order from the trial court dated January 23, 2019, DOT filed a statement of errors complained of on appeal alleging that the trial court erred as a matter of law in sustaining Licensee's appeal on the basis of a lack of evidence that Licensee was under the influence of alcohol while driving, operating, or in physical control of a vehicle on a highway or trafficway. DOT also alleged that the trial court erred as matter of law in relying on *Birchfield* for support. (R.R. at 47a-57a.)

The trial court issued a subsequent opinion dated March 28, 2019, holding that "the implied consent statute impliedly requires a licensee to have driven on a public highway or trafficway," again citing to sections 3802 and 3101(b) of the Vehicle Code. (Trial court op., 3/29/19, at 3.) The trial court recognized this Court's prior decision in *Department of Transportation, Bureau of Driver Licensing v. Bird*, 578 A.2d 1345, 1348 (Pa. Cmwlth. 1990), wherein we held that "section 3101 places no limitations on

4

a police officer's request for chemical testing under section 1547." However, the trial court concluded that the Supreme Court's decision in *Birchfield* altered that holding. The trial court explained that "[t]he entire holding in *Birchfield* is premised on the assumption that implied consent statutes are limited to areas where the state has jurisdiction to regulate," *i.e.*, public highways. (Trial court op., 3/29/19, at 5.) The trial court emphasized that Licensee's accident in this case occurred on a private road.

## Discussion

On appeal,[4] DOT argues that the trial court erred as a matter of law in sustaining Licensee's appeal because Officer Young had reasonable grounds to believe that Licensee operated his vehicle while under the influence on a highway or trafficway even though the accident occurred on a private road. We agree.

In order to support a suspension of Licensee's operating privilege under section 1547(b)(1) of the Vehicle Code, DOT had the burden of proving the following:

> (1) Licensee was arrested for violating Section 3802 of the Vehicle Code by a police officer who had "reasonable grounds to believe" that Licensee was operating or was in actual physical control of the movement of a vehicle while in violation of Section 3802 (i.e., while driving under the influence); (2) Licensee was asked to submit to a chemical test; (3) Licensee refused to do so; and (4) Licensee was specifically warned that a refusal would result in the suspension of his operating privileges and would result in enhanced penalties if he was later convicted of violating Section 3802(a)(1).

---

[4] Our scope of review is limited to determining whether the findings of fact are supported by substantial evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Piasecki v. Department of Transportation, Bureau of Driver Licensing*, 6 A.3d 1067, 1070 (Pa. Cmwlth. 2010).

*Martinovic v. Department of Transportation, Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa. Cmwlth. 2005). In the present case, the parties stipulated before the trial court that DOT satisfied its four-part burden of proof set forth above.

Nevertheless, the trial court sustained Licensee's appeal on the basis that the Implied Consent Law impliedly requires a licensee to have driven on a public highway or trafficway. The trial court erred in reaching this conclusion as this Court has previously considered and rejected this very argument. *See Bashore v. Department of Transportation, Bureau of Driver Licensing*, 27 A.3d 272 (Pa. Cmwlth. 2011).[5] In *Bashore*, a Pennsylvania State Police Trooper was dispatched to Daub Lane, a gravel road which was marked as a "private drive" by a sign at its entrance, to investigate a possible hit and run involving a motorist driving under the influence of alcohol who struck a mailbox.[6] Upon arrival, the State Trooper observed the licensee behind the wheel of her vehicle in a pull-off area on Daub Lane.

After noticing that the licensee appeared extremely intoxicated and exhibited the signs of such, including a strong smell of alcohol, slurred speech, unsteadiness on her feet, and an inability to coherently answer questions, he placed the licensee under arrest for driving under the influence. After transporting the licensee to the police station, he advised her of her rights under section 1547 of the Vehicle Code by reading her the warning on DOT's implied consent form. However, the licensee refused to submit to chemical testing. DOT thereafter notified the licensee that her

---

[5] *See also Bird*, 578 A.2d at 1347 (holding that section 1547 of the Vehicle Code "does *not* require an officer to have reasonable grounds to believe the motorist was driving, operating or in actual physical control of a vehicle *on a highway or trafficway* while under the influence of alcohol.").

[6] The State Trooper learned that the licensee's husband reported the accident, stating that his wife, the licensee, was on her way home from her sister's house when she struck the mailbox.

license would be suspended for one year as a result of her refusal. The licensee filed a statutory appeal with the trial court, which ultimately denied her appeal.

The licensee then appealed to this Court, arguing that because she was not operating her vehicle on a highway or trafficway, the State Trooper did not have reasonable grounds to request that she submit to a chemical testing. We rejected the licensee's argument. Although we acknowledged that section 3101(b) of the Vehicle Code references highways and trafficways in connection with a finding of a violation of Chapter 38, we held that it was "clear from a strict reading of the Implied Consent Law that it does not require that [the State] Trooper have reasonable grounds to believe that [the licensee] was operating her vehicle on a highway or trafficway," but only that the State Trooper have "reasonable grounds to believe [the licensee] to have been driving, operating or in actual physical control of the movement of a vehicle while under the influence of alcohol."[7] *Bashore*, 27 A.3d at 275.

Contrary to the trial court, we do not believe that our Supreme Court's decision in *Birchfield* mandates a different result. In *Birchfield*, our Supreme Court considered a Fourth Amendment challenge to two state statutes, from North Dakota and Minnesota, that made it a crime to refuse chemical testing. However, in Pennsylvania, "[i]t is not a crime to refuse chemical testing." *Marchese v. Department of Transportation, Bureau of Driver Licensing*, 169 A.3d 733, 739 (Pa. Cmwlth. 2017). *Birchfield* holds that chemical tests of breath continue to be permissible under state

---

[7] Furthermore, this Court addressed a similar argument in *Planchak v. Department of Transportation, Bureau of Driver Licensing* (Pa. Cmwlth., No. 1171 C.D. 2012, filed February 15, 2013), wherein we held that section 3802 of the Vehicle Code does not contain a requirement that the licensee be found upon a highway or trafficway as an element of the offense and that the language of section 3101 was not restrictive because it did not state only on highways. Pursuant to section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

implied consent laws, but that blood tests are only permissible in three situations, where an officer obtains a warrant, where exigent circumstances exist, or where the driver voluntarily consents to the test. *Birchfield* does not hold that a civil sanction, such as the one at issue here, could not be imposed for refusing an officer's request for either a breath or blood test. In other words, as this Court explained in *Boseman v. Department of Transportation, Bureau of Driver Licensing*, 157 A.3d 10, 21 (Pa. Cmwlth.), *appeal denied*, 170 A.3d 996 (Pa. 2017), *Birchfield* does not apply to civil license suspension appeals under Pennsylvania's Implied Consent Law.

Returning to the present case, the record supports a finding that Officer Young had reasonable grounds to believe that Licensee was driving, operating, or in actual physical control of his vehicle while under the influence of alcohol. Whether reasonable grounds exist is a question of law reviewable by this Court on a case-by-case basis. *Sisinni v. Department of Transportation, Bureau of Driver Licensing*, 31 A.3d 1254, 1257 (Pa. Cmwlth. 2011). Reasonable grounds exist to support a license suspension when a person in the position of the police officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the licensee was operating the vehicle while under the influence of intoxicating liquor. *Stahr v. Department of Transportation, Bureau of Driver Licensing*, 969 A.2d 37, 40 (Pa. Cmwlth. 2009).

Moreover, as we explained in *Yencha v. Department of Transportation, Bureau of Driver Licensing*, 187 A.3d 1038, 1044-45 (Pa. Cmwlth. 2018),

> An arresting officer need not prove that he was correct in his belief that the licensee was operating the vehicle while under the influence. Even if later evidence proves the officer's belief to be erroneous, this will not render the reasonable grounds void. Further, an officer need not witness the licensee operating a vehicle to place him under arrest for driving under the influence. Additionally, an officer's

8

reasonable belief that the licensee was driving while under the influence will justify a request to submit to chemical testing if "one reasonable interpretation of the circumstances" as they appeared at the time supports the officer's belief. Further, courts appropriately defer to an investigating officer's experience and observations where reasonable grounds exist to support the officer's belief based on the totality of the circumstances.

(Citations omitted).

Here, the facts reveal that Officer Young was dispatched to an accident on a private road where he came in contact with Licensee, that Officer Young arrived at the scene within a few moments of the dispatch, that Licensee advised Officer Young that he was at the Sandy Creek Fire Department prior to getting into an accident, and that it was impossible to get from the Sandy Creek Fire Department to the location of the accident without traveling on a public road. These facts constituted reasonable grounds for Officer Young to believe that Licensee was driving, operating, or in actual physical control of his vehicle while under the influence of alcohol.

Accordingly, the order of the trial court is reversed.

_____
PATRICIA A. McCULLOUGH, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel E. Johnson :
 : No.  79 C.D. 2019
   v. :
 :
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing, :
    Appellant :

## *ORDER*

AND NOW, this 20th day of November, 2019, the order of the Court of Common Pleas of Venango County, dated December 21, 2018, is hereby reversed. The one-year suspension of the operating privilege of Daniel E. Johnson, imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, under section 1547(b)(1)(i) of the Vehicle Code, 75 Pa.C.S. §1547(b)(1)(i), is reinstated.

_____
PATRICIA A. McCULLOUGH, Judge