IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mohammad Fahad | : | |
| | : | |
| v. | : | No. 392 C.D. 2017 |
| | : | Submitted: November 9, 2018 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge[1]
             HONORABLE ROBERT SIMPSON, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: March 26, 2019

The Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals an order of the Court of Common Pleas of Delaware County (trial court) that sustained the statutory appeal of Mohammad Fahad (Licensee) from a one-year suspension of his operating privilege imposed by PennDOT pursuant to Section 1532(c) of the Vehicle Code, 75 Pa. C.S. §1532(c). In doing so, the trial court held that the two years and four months between Licensee's conviction and the PennDOT's notice of suspension constituted an "extraordinary delay" warranting relief under *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528 (Pa. Cmwlth. 2016). We affirm.

---

[1] This case was assigned to the authoring judge on November 27, 2018.

On April 7, 2014, Licensee was convicted in Delaware County of violating Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act),[2] 35 P.S. §780-113(a)(30) (relating to illegal manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance). On August 24, 2016, two years and four months after his conviction, PennDOT notified Licensee that his operating privilege was being suspended for one year in accordance with Section 1532(c)(1)(ii) of the Vehicle Code,[3] as a consequence of his 2014 drug conviction. Licensee appealed the license suspension to the trial court.

At a hearing on December 6, 2016, PennDOT offered into evidence a packet of certified documents related to Licensee's suspension. One of the documents certified that the Delaware County Office of Judicial Support[4] electronically transmitted the record of Licensee's April 7, 2014, conviction to PennDOT on August 8, 2016. Reproduced Record at 34a (R.R. __). PennDOT mailed the notice of suspension to Licensee on August 24, 2016.

---

[2] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-101 – 780-144.

[3] Section 1532(c)(1)(ii) states, in relevant part:

> (c)   Suspension.--The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state ….
>
> > (1)   The period of suspension shall be as follows:
> >
> > ***
> >
> > > (ii)   For a second offense, a period of one year from the date of the suspension.

75 Pa. C.S. §1532(c)(1)(ii).

[4] In Delaware County, the Office of Judicial Support performs the functions of the former Clerk of Courts and Prothonotary.

Licensee did not dispute the fact of his drug conviction but testified that he was prejudiced by PennDOT's delayed notice of his license suspension. Licensee testified that he first obtained a driver's license in 2014, after his operating privilege was restored from a previous conviction.[5] When his employer learned he was licensed to drive, Licensee was promoted to deli manager. He explained that "since [he is] able to drive, [he is] working seven days a week … opening and closing[,]" and is required to drive to New York City to purchase supplies from wholesale markets. Notes of Testimony, 12/6/2016, at 6 (N.T. __); R.R. 18a. Licensee also testified that he has partial custody of his son, whom he sees on weekends. By mutual agreement, he provides $400-$500 per month to his ex-wife in support payments.

Licensee testified that if he lost his license, he would lose his job. He also expressed concern over the impact that losing his license would have on seeing his son, and his ability to continue to make support payments to his ex-wife.

On March 10, 2017, the trial court issued an order sustaining Licensee's appeal and reinstating his operating privilege. In a subsequent opinion, the trial court explained that, traditionally, delays that are not attributable to PennDOT will not

---

[5] PennDOT offered into evidence a document certifying that Licensee was convicted on December 2, 2010, for a violation of Section 13(a)(16) of the Drug Act, 35 P.S. §780-113(a)(16) (relating to possession of a controlled substance). R.R. 39a. As a consequence of that conviction, PennDOT mailed a notice of suspension to Licensee on December 29, 2010, informing him that his driving privilege was suspended for a six-month period effective February 2, 2011, pursuant to Section 1532(c)(1)(i) of the Vehicle Code, 75 Pa. C.S. §1532(c)(1)(i).

It appears Licensee did not have a license at the time of the 2010 conviction, and did not attempt to obtain one until 2014. When Licensee went to obtain a license in 2014, PennDOT informed him that he had a six-month suspension but did not explain the basis of the suspension. Notes of Testimony, 12/6/2016, at 8-9 (N.T.__); R.R. 20a-21a. PennDOT sent Licensee a letter advising him that his driving privilege was reinstated as of September 23, 2014. At some later date in 2014, Licensee obtained a license.

invalidate a license suspension. However, in *Gingrich*, 134 A.3d at 535, this Court announced an exception to that rule, holding that a license suspension can be set aside for a delay between the conviction and the suspension caused by the failure of the clerk of courts to notify PennDOT of the conviction for ten years. The licensee must establish that certification of the conviction was delayed for an extraordinary period of time; the licensee has not had any Vehicle Code violations for a significant period of time; and the licensee was prejudiced by the delay. Here, the trial court found that Licensee met all three *Gingrich* factors. PennDOT now appeals.

On appeal,[6] PennDOT argues that the trial court erred and abused its discretion in sustaining Licensee's appeal because he did not satisfy the first *Gingrich* factor. Specifically, PennDOT asserts that the delay of two years and four months between the date of Licensee's conviction and the date it was reported to PennDOT does not constitute an "extraordinarily extended period of time."[7] PennDOT observes that in *Gingrich* the delay between conviction and suspension was ten years. PennDOT cites additional cases for the proposition that a delay of under three years cannot be held to be extraordinary. *See Gombocz v. Department of Transportation, Bureau of Driver Licensing*, 849 A.2d 284 (Pa. Cmwlth. 2004), *reversed*, 909 A.2d 798 (Pa. 2006); *Pokoy v. Department of Transportation, Bureau of Driver Licensing*, 714 A.2d 1162 (Pa. Cmwlth. 1998); and *Schultz v. Department of Transportation, Bureau of Driver Licensing*, 488 A.2d 408 (Pa. Cmwlth. 1985).

---

[6] "Our standard of review in a license suspension case is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion." *Negovan v. Department of Transportation, Bureau of Driver Licensing*, 172 A.3d 733, 735 n.4 (Pa. Cmwlth. 2017) (quoting *Gammer v. Department of Transportation, Bureau of Driver Licensing*, 995 A.2d 380, 383 n.3 (Pa. Cmwlth. 2010)).

[7] PennDOT does not dispute that the second and third factors of the *Gingrich* standard are met in this case. Licensee has had no violations since his 2014 conviction, and he has established that he would be prejudiced by a suspension of his operating privilege.

4

This Court's recent *en banc* decision in *Middaugh v. Department of Transportation, Bureau of Driver Licensing*, 196 A.3d 1073 (Pa. Cmwlth. 2018), resolves PennDOT's issue here.

In *Middaugh*, the licensee was convicted of driving under the influence of alcohol on March 31, 2014, and PennDOT did not receive the Clerk of Courts' certification of the conviction until August 8, 2016. On August 23, 2016, the licensee was sent a notice that his operating privilege was suspended for one year based on the 2014 conviction. The licensee appealed, asserting that the delay of two years and four months was fundamentally unfair and caused him great prejudice. Applying the three-part *Gingrich* test, the trial court agreed. On appeal to this Court, PennDOT argued that the trial court erred because *Gingrich* required a delay of approximately ten years to be extraordinary. Therefore, the three-prong test set forth in *Gingrich* was inapplicable.

We rejected PennDOT's appeal and held that *Gingrich* did not impose a rigid ten-year minimum in order for the delay to be considered extraordinary. We explained as follows:

> Since *Gingrich*, the courts of common pleas and this Court have applied the *Gingrich* factors to various circumstances and time periods. As this case law has developed, the courts have carefully evaluated whether periods of delay shorter than 10 years can qualify as extraordinarily extended periods of time. For example, this Court has affirmed decisions of the courts of common pleas which held that non-Departmental delays of 9 years, 7 years and 10 months, 2 years and 7 months, and 2 years and 4 months can be considered extraordinarily extended periods of time to meet *Gingrich's* first factor, where the other *Gingrich* factors were also satisfied.[]

5

*Id.* at 1083 (internal footnote omitted). Nevertheless, in *Middaugh*, we refined the first *Gingrich* prong by adopting objective criteria to use when considering whether the delay qualifies as extraordinary. We explained:

> [I]f a clerk of court reports a conviction to the Department within the *applicable period of the license suspension plus 10 days*, such delay, as a matter of law, cannot be an extraordinarily extended period of time sufficient to meet the first *Gingrich* factor.[] However, where the delay exceeds that period, and where the remaining *Gingrich* factors are satisfied, a court of common pleas can find that relief is appropriate under *Gingrich*.

*Id.* at 1086 (internal footnote omitted) (emphasis added). The "plus 10 days" language was derived from the requirement in Section 6323(1)(i) of the Vehicle Code that a clerk of court must send notice of a relevant conviction to PennDOT "within ten days after final judgment of conviction[.]" 75 Pa. C.S. §6323(1)(i).[8] In *Middaugh*, the delay of two years and four months exceeded the one-year license suspension, plus ten days. Therefore, the first prong was met. Because the licensee

---

[8] Section 6323(1)(i) states, in more detail, as follows:

> Subject to any inconsistent procedures and standards relating to reports and transmission of funds prescribed pursuant to Title 42 (relating to judiciary and judicial procedure):
>
> > (1) The following shall apply:
> >
> > > (i) The clerk of any court of this Commonwealth, within ten days after final judgment of conviction or acquittal or other disposition of charges under any of the provisions of this title or under section 13 of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, including an adjudication of delinquency or the granting of a consent decree, shall send to the department a record of the judgment of conviction, acquittal or other disposition.

75 Pa. C.S. §6323(1)(i).

established that she remained free of driving violations for 51 months and would suffer prejudice if her license was suspended, we held that she also satisfied the second and third *Gingrich* factors and affirmed the trial court.

Here, PennDOT does not dispute that Licensee established the second and third factors, *i.e.*, a lack of further driving violations and prejudice due to the loss of his license. PennDOT's only claim is that a delay of two years and four months is insufficient to meet the first prong of *Gingrich*. *Middaugh* holds to the contrary. The delay of two years and four months exceeds the 18-month license suspension, plus ten days. The delay is extraordinary, and we reject PennDOT's claim of error.

In sum, we agree with the trial court that Licensee demonstrated the extraordinary circumstances necessary to vacate his suspension under *Gingrich*. The trial court did not err in sustaining Licensee's appeal and reinstating his operating privilege. Accordingly, the trial court's order is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

Judge Cohn Jubelirer did not participate in the decision in this case.

Judge Simpson Dissents.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mohammad Fahad                :
:
       v.                  :  No. 392 C.D. 2017
:
Commonwealth of Pennsylvania,  :
Department of Transportation,     :
Bureau of Driver Licensing,       :
              Appellant     :

## **O R D E R**

AND NOW, this 26th day of March, 2019, the order of the Court of Common Pleas of Delaware County dated March 10, 2017, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge

Mohammad Fahad      :
             :
     v.       :
             :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing,    : No. 392 C.D. 2017
       Appellant : Submitted: November 9, 2018


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE ROBERT SIMPSON, Judge
      HONORABLE P. KEVIN BROBSON, Judge
      HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge
      HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

CONCURRING AND DISSENTING OPINION
BY JUDGE COVEY         FILED:  March 26, 2019


    I concur with the Majority's conclusion that based on *Middaugh v. Department of Transportation, Bureau of Driver Licensing*, 196 A.3d 1073 (Pa. Cmwlth. 2018), because the delay of two years and four months exceeds the 18-month suspension plus ten days, the delay is extraordinary.  However, for the reasons stated in my concurring and dissenting opinion to *Middaugh*, I believe *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528 (Pa. Cmwlth. 2016), should be abrogated.  Instead of relying on the three factors established in *Gingrich*, the following considerations should be weighed in determining whether a licensee's suspension should be vacated: (1) the suspension time and the 10-day reporting requirement when evaluating the length of the delay;

and (2) whether the licensee has been without further incident since his current offense, and the existence of any prior offense(s) and, if so, the length of time before his current offense. In applying these objective considerations, the focus is once again on protecting the public, as that is the purpose of the license suspension.

Weighing the above considerations in the instant matter, because Mohammad Fahad (Licensee) had his license for only approximately six months before the conviction at issue herein, and had just finished serving a six-month license suspension immediately prior to obtaining his license, I do not believe his current license suspension should be vacated merely because of a two year and four month notice delay. "It is well settled in Pennsylvania that driving is a privilege[,]" *Marchese v. Commonwealth*, 169 A.3d 733, 740 (Pa. Cmwlth. 2017), not a right, and in light of the obvious public safety concerns clearly demonstrated here, I would reverse the Delaware County Common Pleas Court's order and reinstate Licensee's license suspension.

For all of the above reasons, I respectfully dissent from the Majority as written.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mohammad Fahad | : | |
| | : | |
| v. | : | No. 392 C.D. 2017 |
| | : | SUBMITTED: November 9, 2018 |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE CEISLER                                    FILED: March 26, 2019

I respectfully dissent, as I do not believe that Licensee has demonstrated the extraordinary circumstances necessary to vacate the one-year suspension of his operating privilege.

For the reasons stated in my Dissenting Opinion in *Middaugh v. Department of Transportation, Bureau of Driver Licensing*, 196 A.3d 1073, 1088-90 (Pa. Cmwlth. 2018) (*en banc*) (Ceisler, J., dissenting), I would abrogate both *Middaugh* and *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528 (Pa. Cmwlth. 2016) (*en banc*), and reverse the Trial Court's Order.

 

 

_____
ELLEN CEISLER, Judge