Maye Lee Slone Altieri,            :
               Appellant          :
                              :
         v.                     :
                              :
Commonwealth of Pennsylvania,   :
Department of Transportation,     :   No. 556 C.D. 2018
Bureau of Driver Licensing        :   Submitted: April 9, 2019


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge (P.)
                HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED: April 25, 2019


        Maye Lee Slone Altieri (Licensee) appeals from the Luzerne County Common Pleas Court's (trial court) March 19, 2018 order denying and dismissing Licensee's operating privilege suspension appeal from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department). The sole issue before this Court is whether the trial court erred in dismissing the appeal in light of the police officer's reading of the enhanced criminal penalties portion of the implied consent warnings. After review, we affirm.

        On February 21, 2017, Lehman Township Police Officer Harold Cain (Officer Cain) stopped Licensee due to her vehicle's broken tail light. Officer Cain approached the vehicle and noticed Licensee had bloodshot, glassy eyes and smelt an odor of alcohol. Licensee admitted she had been drinking. Officer Cain then asked

Licensee to perform field sobriety tests.  As a result thereof, Officer Cain placed Licensee under arrest for driving under the influence of alcohol (DUI).[1]

Officer Cain took Licensee to the hospital, where he asked her to take a blood test.  There, Officer Cain read Licensee the implied consent warnings (Form DL-26).[2]  Despite the fact that a new form was created in response to the decision in *Birchfield v. North Dakota*, ___ U.S.___, 136 S.Ct. 2160 (2016),[3] Officer Cain read the first four paragraphs of the old DL-26 Form to Licensee.

In pertinent part, the DL-26 Form Officer Cain read to Licensee contained the following warnings:

> If you refuse to submit to the chemical test, your operating privilege will be suspended for at least 12 months.  If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months.  In addition, **if you refuse to submit to the chemical test and you are convicted of violating Section 3802(a)(1) (relating to impaired driving) of the Vehicle Code, then, because of your refusal, you will be subject to more severe penalties set forth in Section 3804(c) (relating to penalties) of the Vehicle Code**.  These are the same penalties that would be imposed if you were convicted of driving with the highest rate of alcohol, which include a minimum of 72 consecutive hours in jail and a minimum fine of $1,000, up to a maximum of five years in jail and a maximum fine of $10,000.

---

[1] *See* Section 3802(a)(1) of the Vehicle Code, which provides: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."  75 Pa.C.S. § 3802(a)(1).

[2] "The DL-26 Form contains the chemical test warnings required by Section 1547 of the Vehicle Code, [75 Pa.C.S. § 1547,] which are also known as the implied consent warnings." *Vora v. Dep't of Transp., Bureau of Driver Licensing*, 79 A.3d 743, 745 n.2 (Pa. Cmwlth. 2013).

[3] Section 1547 of the Vehicle Code was amended July 20, 2017 to comply with *Birchfield*, five months after Licensee's arrest.

2

Reproduced Record (R.R.) at 25a (emphasis added). Officer Cain and Licensee signed the form, but Licensee stated that she would not submit to the blood test.

On March 13, 2017, the Department notified Licensee that her driver's license privileges would be suspended for a period of one year, effective May 21, 2018, pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547, due to her refusal to submit to chemical testing. On April 18, 2018, Licensee appealed from the suspension to the trial court. A hearing was held and, on March 19, 2018, the trial court denied and dismissed Licensee's appeal. Licensee appealed to this Court.[4] On April 24, 2018, the trial court ordered Licensee to file a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b) Statement). Licensee filed her Rule 1925(b) Statement with the trial court on May 8, 2018. The trial court filed its opinion on June 14, 2018.

Licensee argues that the implied consent warnings that Officer Cain read to her were partially inaccurate and the inclusion of that legally incorrect warning made the *Birchfield* ruling applicable to the matter herein. Therefore, Licensee contends that she had the right to refuse Officer Cain's request to submit to a warrantless search and seizure of her blood. This Court disagrees.

The licensee in *Renfroe v. Department of Transportation, Bureau of Driver Licensing*, 179 A.3d 644, 648 (Pa. Cmwlth. 2018), asserted the same argument. Specifically, the licensee therein argued: "because the warnings he was given contained language about enhanced criminal penalties, which was declared unconstitutional under *Birchfield* . . . he cannot be punished for refusing to take the blood test, either civilly or criminally." *Renfroe*, 179 A.3d at 650.

---

[4] "Our review is to determine whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or abused its discretion." *Renfroe v. Dep't of Transp., Bureau of Driver Licensing*, 179 A.3d 644, 648 n.3 (Pa. Cmwlth. 2018).

The *Renfroe* Court rejected this argument, explaining:

**The *Birchfield* [C]ourt explicitly limited its holding to implied consent laws imposing criminal penalties**. **In so doing, the Supreme Court observed that the petitioners in *Birchfield* did not question the constitutionality of implied consent laws that impose only civil penalties, and stated that nothing in its opinion 'should be read to cast doubt on them.'** *Birchfield*, ___ U.S.___ , 136 S.Ct. at 2185. The Court explained that it is one thing to approve implied consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply, but quite another for a state to insist upon an intrusive blood test and then impose criminal penalties on motorists who refuse to submit. Therefore, '*[t]here must be a limit on the consequences* to which motorists may be deemed to have consented by virtue of a decision to drive on public roads.' *Id.* (emphasis added).

Subsequently, in *Boseman v. Department of Transportation, Bureau of Driver Licensing*, 157 A.3d 10, 21 (Pa. Cmwlth.), *appeal denied*, . . . 170 A.3d 996 ([Pa.] 2017), this Court held that ***Birchfield,*** which prohibits a state from criminally penalizing a motorist for refusing to submit to a warrantless request for a blood test, **does not apply in a civil license suspension proceeding**. Our holding in *Boseman* is grounded upon the settled distinction between a civil license suspension proceeding and a criminal DUI proceeding arising out of the same incident. Further, it is not a crime to refuse to submit to chemical testing under the Implied Consent Law.

. . .

[I]n *Marchese* [*v. Commonwealth*, 169 A.3d 733, 740 (Pa. Cmwlth. 2017)] [this Court] explain[ed] as follows:

> By its own language, the *Birchfield* Court unequivocally stated that 'nothing we say here should be read to cast doubt' on the constitutionality of state implied consent laws imposing civil penalties and evidentiary consequences for refusing a blood test. . . . [W]e believe the U.S. Supreme Court clearly indicated nothing in *Birchfield*

4

> questions the constitutionality of state implied consent laws imposing only civil sanctions. To that end, the Court stated: 'It is another matter, however, for a [s]tate to not only insist upon an intrusive blood test, but also to impose criminal penalties on the refusal to submit to such a test.' Therefore, the Court concluded 'that motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense.'
>
> Given the *Birchfield* Court's explicit limitation on its holding to implied consent laws imposing criminal penalties, we reject [the l]icensee's contention that it must logically be extended to render unconstitutional implied consent laws which provide for only civil penalties for refusal of a blood test. Such an interpretation would be contrary to the U.S. Supreme Court's limiting language in *Birchfield*.

*Marchese*, 169 A.3d at 739–40 (emphasis and internal quotations omitted). Consistent with our decisions in *Boseman* and *Marchese*, **we conclude that the [common pleas] court did not err by holding that *Birchfield* does not apply to civil license suspensions**.

*Renfroe,* 179 A.3d at 650-51 (emphasis added). Accordingly, the trial court properly denied and dismissed Licensee's appeal.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maye Lee Slone Altieri,                  :
                Appellant        :
                                :
          v.        :
                                :
Commonwealth of Pennsylvania,        :
Department of Transportation,        :   No. 556 C.D. 2018
Bureau of Driver Licensing        :

## O R D E R

AND NOW, this 25th day of April, 2019, the Luzerne County Common Pleas Court's March 19, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge